SO ORDERED.
SIGNED 8th day of September, 2026

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

Nancy B. King
U.S. Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**COOKEVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TAMARA SUZANNE ELIZABETH PARADISE, | ) | CASE NO. 2:24-BK-04082 |
| | ) | CHAPTER 7 |
| Debtor. | ) | JUDGE NANCY B. KING |
| | ) | |
| | ) | |
| JOSE RAY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. NO. 2:26-AP-90012 |
| | ) | |
| | ) | |
| TAMARA SUZANNE ELIZABETH PARADISE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION GRANTING TAMARA SUZANNE ELIZABETH PARADISE'S MOTION FOR SUMMARY JUDGMENT**

Defendant and Debtor, Tamara Suzanne Elizabeth Paradise (hereinafter "Debtor"), filed this Motion for Summary Judgment. Plaintiff, Jose Ray (hereinafter "Plaintiff"), filed a response in opposition. For the reasons stated herein, the Court grants Debtor's Motion for Summary Judgment and dismisses this adversary proceeding. The following constitutes the

Court's findings pursuant to Federal Rule of Civil Procedure 56 as incorporated by Federal Rule of Bankruptcy Procedure 7056.

**UNDISPUTED FACTS**

Plaintiff, a minor, by his parents as natural guardians and next friends, filed a tort action against Debtor in Hamilton County Circuit Court alleging injuries from a motor vehicle collision that occurred on October 7, 2022. Debtor denies fault.

Debtor was insured under an automobile liability policy with Progressive Hawaii Insurance Company (hereinafter "Progressive") with a $25,000 policy limit. For nearly one and a half years, the parties communicated and exchanged information and offers but did not reach an agreement. Plaintiff alleges that Debtor's insurance carrier failed to properly investigate the claim and did not make a reasonable offer until after Plaintiff had accrued substantial litigation costs. On May 16, 2024, Debtor's state court counsel made a formal offer of judgment for $25,000. Plaintiff rejected the offer. [1]

Debtor filed her Chapter 7 petition on October 22, 2024. On Schedule F, Debtor listed Plaintiff, in care of his parents, as holding a contingent, unliquidated, disputed claim in the amount of $750,000 and listed Plaintiff's state court attorney, Tim O. Henshaw, as a notice-only creditor. Both received notice of the bankruptcy filing. During the pendency of Debtor's bankruptcy case, Plaintiff's counsel notified the Chapter 7 Trustee of a potential claim against Progressive. However, the Chapter 7 Trustee filed her Report of No Distribution on December 14, 2024. The deadline for objecting to discharge and/or dischargeability was

[1] For reasons explained herein, who was at fault in the accident, whether a cause of action exists against the insurance carrier, or other factual differences about what occurred pre-petition are not material for purposes of granting summary judgment.

February 10, 2025. No objections were filed by any party, including Plaintiff, and the Court entered Debtor's discharge on February 11, 2025.

Nearly a year later, on February 3, 2026, Plaintiff filed a complaint to revoke Debtor's discharge. The Complaint alleges two counts pursuant to 11 U.S.C. §§ 727(d)(1) and (d)(2). Plaintiff asserts that although Debtor carried a liability policy with policy limits of $25,000, Progressive failed and/or refused to make an offer to settle Plaintiff's claim for the policy limits within a reasonable time. According to Plaintiff's theory, under Tennessee law, a claim against Progressive accrued in favor of Debtor based on Progressive's bad faith failure to settle the claim within policy limits. This claim, according to Plaintiff, was property of the bankruptcy estate that Debtor knew about but failed to disclose in her bankruptcy petition or while her case was pending.

In anticipation of the pretrial conference, the parties filed a Joint Pretrial Statement [Adv. Docket No. 8] wherein the parties stipulated as follows:

**Statement of Admitted Facts**

1. Debtor listed Plaintiff c/o his parents as a contingent, unliquidated, and disputed creditor on Schedule F of Debtor's Chapter 7 Bankruptcy schedules.

2. Debtor listed Plaintiff's attorney in the personal injury lawsuit, Tim Henshaw, as a notice only creditor on Schedule F of Debtor's Bankruptcy schedules.

3. Plaintiff through his parents as natural guardians and next friends received Notice of Debtor's Chapter 7 Bankruptcy Case.

4. Plaintiff's attorney in the state court lawsuit, Tim Henshaw, received Notice of Debtor's Chapter 7 Bankruptcy Case.

Also in the Joint Pretrial Statement, Plaintiff states that: "Plaintiff's counsel made the Trustee aware of the existence of the claim against Progressive." Following the pretrial conference, Debtor filed this Motion for Summary Judgment.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627–28 (6th Cir. 2018) (citation omitted); Fed. R. Civ. P. 56(c)(1)(B). "The non-moving party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 628. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court should view the facts and draw all reasonable inferences in favor of the non-moving party. *Tooker v. BlueJay Sols., Inc.*, 715 F. Supp. 3d 1022, 1027 (W.D. Mich. 2024) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). At this stage, "credibility judgments and weighing of evidence are improper." *Hostettler v. Coll. of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018) (citation omitted); *For Senior Help, LLC v. Westchester Fire Ins. Co.,* 515 F. Supp. 3d 787, 799–800 (M.D. Tenn. 2021) (citing *Hostettler*).

## DISCUSSION

### A. Generally

A proceeding to revoke a discharge must be initiated by filing an adversary complaint. Fed. R. Bankr. P. 7001(d). The party seeking revocation bears the burden of proof by a preponderance of the evidence. *Buckeye Ret. Co., LLC v. Heil* (*In re Heil*), 289 B.R. 897, 903 (Bankr. E.D. Tenn. 2003) (citation omitted). "Revocation of a debtor's discharge is an extraordinary remedy, so § 727(d) is liberally construed in favor of the debtor and strictly construed against the party seeking revocation." *Id*. (citations omitted).

### B. 11 U.S.C. § 727(d)(1)

Revocation pursuant to 11 U.S.C. § 727(d)(1) requires a plaintiff to prove that a debtor obtained a discharge by fraud and that plaintiff did not know of such fraud until after the discharge had been granted. *Humphreys v. Stedham* (*In re Stedham*), 327 B.R. 889, 897 (Bankr. W.D. Tenn. 2005) (citations omitted). Section 727(d)(1) provides that "[o]n the request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge." 11 U.S.C. § 727(d)(1).

Under 11 U.S.C. § 727(d)(1), "it is the debtor's *fraud in obtaining the discharge* that qualifies as grounds for revocation and not the debtor's fraud vis-a-vis the creditor." *Id*. (citing *Yoppolo v. Sayre* (*In re Sayre*), 321 B.R. 424, 427 (Bankr. N.D. Ohio 2004) (emphasis added) ("[Section] 727(d)(1) contemplates the type of fraud that ... would have prevented the debtor from receiving a discharge in the first place."); *Lawrence Nat'l Bank v. Edmonds* (*In re*

*Edmonds*), 924 F.2d 176, 180 (10th Cir. 1991); *First Nat'l Bank of Harrisburg v. Jones* (*In re Jones*), 71 B.R. 682, 684 (S.D. Ill. 1987); *Tighe v. Valencia* (*In re Guadarrama*), 284 B.R. 463, 469 (Bankr. C.D. Cal. 2002); *Bowman v. Belt Valley Bank* (*In re Bowman*),173 B.R. 922, 925 (B.A.P. 9th Cir. 1994)). "'As a general rule, to obtain relief under § 727(d)(1), it is insufficient that a debtor's fraud rendered a particular debt nondischargeable; claimant must allege that the entire discharge would not have been granted but for debtor's fraud.'" *In re Heil*, 289 B.R. 897, 903 (quoting *In re Edmonds*, 924 F.2d 176, 180); *Brothers v. Maddox* (*In re Maddox*), 574 B.R. 127, 131 (Bankr. E.D. Tenn. 2017) (citing *In re Heil*).

The undisputed facts, as set forth in the Plaintiff's Response and Memorandum in Opposition to the Summary Judgment Motion [Adv. Docket Nos. 17, 18], and as contained in the Joint Pretrial Statement [Adv. Docket No. 8] and all other relevant pleadings, conclusively establish that:

(1) Debtor filed her Chapter 7 bankruptcy petition on October 22, 2024.

(2) Plaintiff's claim was included in Debtor's bankruptcy petition as disputed, contingent, and unliquidated.

(3) Plaintiff and Plaintiff's state court attorney received notice of the bankruptcy filing and received notice that the deadline to object to discharge and dischargeability was February 10, 2025.

(4) Plaintiff's counsel made the Chapter 7 Trustee aware of the alleged bad faith claim against the insurance carrier and "assumed that she [the Chapter 7 Trustee] was pursuing those claims when she was not." [Joint Pretrial Statement, p. 3; Plaintiff's Memorandum of Law in Support of Response in Opposition to Defendant's Motion for Summary Judgment, pp. 2, 4].

(5) The Chapter 7 Trustee filed a "Report of No Distribution" on December 14, 2024, stating that the Debtor's estate was fully administered. [Bankr. No. 2:24-bk-

04082, Docket No. 13] The report states: "I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered."[2]

(6) Almost two months passed between the entry of the Report of No Distribution and the deadline for objection to discharge. Absent any objections, Debtor was granted a discharge on February 11, 2025.

(7) The Chapter 7 bankruptcy case was closed on March 6, 2025.

(8) Almost a year later, on February 3, 2026, Plaintiff filed the present adversary complaint seeking to revoke the discharge.

(9) In his Memorandum of Law, Plaintiff "does not dispute the fact that he was actually or constructively aware of the existence of Debtor's bad faith claim prior to Debtor's receiving her discharge from the Court." [Adv. Docket No. 17, p. 4].

On the undisputed facts as recited herein, Plaintiff had notice of every fact necessary to challenge entry of the discharge before it was granted. Even if a valid cause of action against Progressive existed, Plaintiff's own counsel made the Chapter 7 Trustee aware of the potential cause of action well before entry of the discharge. The Trustee's business judgment to pursue or not pursue the alleged cause of action does not in any way relieve the creditor of its obligations to timely object to discharge and/or dischargeabilty.

Even if Plaintiff's counsel had not informed the Chapter 7 Trustee of a potential cause of action, there was nothing to stop Plaintiff from filing a timely objection to discharge or dischargeability, but he did not. To this point, "Plaintiff acknowledges that Debtor is correct in

[2] The granting of the U.S. Trustee's Motion to Reopen is irrelevant to this proceeding. [Bankr. No. 2:24-bk-04082, Docket No. 23]. If the Trustee recovers assets that can be distributed, it will be for the benefit of all creditors, including Plaintiff.

her argument that having this knowledge before Debtor's discharge is dispositive of his claim under § 727(d)(1)." [Adv. Docket No. 17, p. 4]. The Court agrees, finding that Debtor is entitled to summary judgment as a matter of law and that Plaintiff's 11 U.S.C. § 727(d)(1) cause of action is dismissed.

**C. 11 U.S.C. § 727(d)(2)**

Under 11 U.S.C. § 727(d)(2), "a party moving to revoke a debtor's bankruptcy discharge must establish the existence of two elements: (1) the debtor acquired or became entitled to property of the estate; and (2) the debtor knowingly and fraudulently failed to report or deliver this property to the trustee." *Lim v. Stewart* (*In re Stewart*), 634 B.R. 740, 745 (Bankr. E.D. Mich. 2021) (quoting *Sicherman v. Rivera* (*In re Rivera*), 338 B.R. 318, 325 (Bankr. N.D. Ohio 2006), *aff'd*, 356 B.R. 786 (B.A.P. 6th Cir. 2007)). "This provision imposes a duty upon the debtor to report to the trustee any acquisitions of property *after the filing of the petition*." 6 Collier on Bankruptcy ¶ 727.17[4] (16th ed. 2026) (emphasis added). "Read together with additional bankruptcy provisions, § 727(d)(2) plainly refers to property of the estate that the debtor did not have an interest in at the time the petition was filed." *Antonucci v. Carbone* (*In re Carbone*), 613 B.R. 410, 414 (Bankr. E.D. Pa. 2020).[3]

---

[3] As further explained in *Carbone:*

> A debtor's "estate" is created at the time the petition is filed. 11 U.S.C. § 541(a). Debtors filing under chapter 7 must disclose all their assets and surrender to the trustee all property of the estate. *See* 11 U.S.C. § 521(a)(1)(B)(i), (a)(4). In broad terms, the estate consists of the debtor's present interests in property at the time of filing (§ 541(a)(1)-(2)); interests in property that are subsequently recovered, preserved, or transferred to the estate (§ 541(a)(3)-(4)); and certain interests in property that are otherwise acquired by the debtor or the estate after the filing of the petition (§ 541(a)(5)-(7)).
>
> Reading § 727(b)(2) together with § 541(a) strongly suggests that § 727(d)(2) only applies to property of the estate that the debtor develops an interest in post-petition. The operative language in § 727(d)(2)—"acquired" or "became entitled to acquire" — seems to refer only to property of

To be clear, "the near unanimous conclusion of courts interpreting § 727(d)(2) is that this Code section permits revocation of a debtor's discharge only in connection to a debtor's acquisition of (or receipt of entitlement to) *post-petition property that is property of the estate*. In other words, § 727(d)(2) does not provide grounds for revocation of a debtor's discharge where the only allegations involve a failure to report estate assets in which the debtor held an interest as of the commencement of the case." *Antonucci v. Carbone* (*In re Carbone*), 619 B.R. 581, 588 (Bankr. E.D. 2020).[4]

Neither side addresses this point of law. Instead, the parties mostly focus on the factual issue of whether a cause of action exists and whether Plaintiff's pre-petition knowledge of the allegedly undisclosed asset is relevant to the analysis under 11 U.S.C. § 727(d)(2). Plaintiff is correct that his pre-discharge knowledge is irrelevant, but that does nothing to save Count II from summary judgment. There is no dispute that any cause of action against Progressive existed pre-petition. Plaintiff's basis for relief relies on the fact that the potential claim against Progressive was not listed in the petition.

---

> the estate under § 541(a)(5)-(7); that is, property that accrues to the estate at a point in time after a debtor files a bankruptcy petition.

*Id.* at 614-615.

[4] *See In re DaMaia*, 217 F.3d 838, 2000 WL 977395, at *2 (4th Cir. July 17, 2000) (unpublished decision) ("A careful reading of [§ 727(d)(2)] reveals that it applies only to property acquired by a debtor after his petition has been filed."); *J & R Inv. Co. v. Anthony* (*In re Anthony*), 515 B.R. 831, 840 (Bankr. D. Utah 2014) (citing *DaMaia*; *10 W. Chase, LLC v. Shepard* (*In re Shepard*), No. 09-17489, Adv. No. 09-00693, 2011 WL 1045081, at *11 (Bankr. D. Md. Mar. 16, 2011) ("Obviously, property acquired prepetition would not be property of the estate when acquired and therefore is not included within the reach of [§ 727(d)(2)]."); *Werner v. Puente* (*In re Puente*), 49 B.R. 966, 968-69 (Bankr. W.D.N.Y. 1985).

As such, 11 U.S.C. § 727(d)(2) is inapplicable. The Court finds that Debtor is entitled to summary judgment as a matter of law and that Plaintiff's 11 U.S.C. § 727(d)(2) cause of action is dismissed.

**CONCLUSION**

Debtor's Motion for Summary Judgment is well-taken, and the Court finds that Debtor is entitled to Summary Judgment as a matter of law as to both Counts.

An appropriate order will enter simultaneously herewith, and the hearing scheduled for September 15, 2026, at 9:00 AM is canceled.

**THIS MEMORANDUM OPINION WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**